IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) | CIVIL NO. 08-00499 JMS-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ZACHARY B., by and through his parent, JENNIFER B., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON DEFENDANT'S
NONHEARING MOTION FOR AN AWARD OF ATTORNEY'S FEES**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is the Nonhearing Motion for Award of Attorney's Fees ("Motion"), filed on June 19, 2009 by Defendant Zachary B., by and through his Parent, Jennifer B. ("Defendant").  Defendant requests an award of $65,100.00[1] in attorney's fees.  Plaintiff Department of Education, State of Hawai`i ("Plaintiff") filed its memorandum in opposition on July 20, 2009, and Defendant filed his reply on August 3, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i

_____

[1] The Motion requests $63,084.00 based on 225.3 hours of work.  [Motion at 2; Exh. A at 7.]  Defendant's supporting documentation, however, indicates that counsel spent 232.5 hours on the case.  The original 225.3 amount appears to be a mathematic or typographic error.

("Local Rules").  After reviewing the parties' submissions and
the relevant case law, the Court FINDS AND RECOMMENDS that
Defendant's Motion be GRANTED IN PART AND DENIED IN PART.  The
Court RECOMMENDS that the district judge AWARD Defendant
$47,655.00 in attorney's fees.

**BACKGROUND**

Zachary B. ("Student") is a ten-year old child who has
been diagnosed with Attention Deficit Hyperactivity Disorder and
depression.  On October 15, 2008, Plaintiff filed a Complaint
under the Individuals with Disabilities Education Act ("IDEA"),
20 U.S.C. § 1415, Hawaii Revised Statutes § 91-14, and the
corresponding Hawaii Administrative Rules against Defendant,
appealing the Administrative Hearings Officer's decision
contained in her Findings of Fact, Conclusions of Law and
Decision, filed on September 16, 2008 ("Decision").[2]

In the Decision, the Hearings Officer found that: (1)
Student is eligible for special education and related services
under the Other Health Impairment category; and (2) Plaintiff
denied Student an offer of a free appropriate public education
when it did not find him eligible for special education at the
eligibility meeting held in October 2007.  With these findings,
the Hearings Officer: ordered Plaintiff to develop an Individual
Education Plan with sufficient special education and related

---

[2] The Decision is attached to the Complaint as Exhibit A.

services to meet Student's needs; awarded Student compensatory services in the form of one-to-one weekly private tutoring for fifteen months; and deemed Defendant to be the prevailing party.

On appeal, Plaintiff asserted that the Hearings Officer erred in: (1) finding that Student was eligible for special education and related services; (2) ordering fifteen months of compensatory education; (3) improperly delegating her authority to Defendant's experts; (4) violating the IDEA's impartiality requirement; and (5) deeming Defendant the prevailing party.

In its Order Affirming the Hearings Officer's Decision, filed on June 5, 2009 ("June 5 Order"), the district judge affirmed the Decision and denied Defendant's request to place Student at Assets School.

In the instant Motion, Defendant seeks an award of reasonable attorney's fees incurred in the administrative proceeding and in the instant action.  Defendant asserts that he is the prevailing party pursuant to the Decision and the June 5 Order, and, pursuant to 20 U.S.C. § 1415(i)(3)(B), he is entitled to obtain attorney's fees incurred both at the administrative level and in the district court proceeding.  Defendant seeks $65,100.00 in attorney's fees for work performed by Matthew Bassett, Esq., in connection with the administrative and the district court proceedings.  His requested hourly rate is $280.00.

In its memorandum in opposition, Plaintiff does not dispute that Defendant is entitled to reasonable attorney's fees and costs incurred at the administrative level and in the instant case.  [Mem. in Opp. at 2.]  Defendant, however, objects to the hourly rate sought by Mr. Bassett and the number of hours expended.  As to the hourly rate, Plaintiff suggests that "Mr. Bassett's hourly fee should be closer to the $185/hour range than to the $200 previously awarded to him" in Hawaii Disability Rights Center, et al. v. State of Hawai`i, et al., CV 03-00524 HG-KSC.  [Id. at 5.]  Plaintiff argues that the time to draft the request for hearing was excessive, and that the time billed to review, annotate and index documents was excessive and duplicative.  In particular, Plaintiff complains that the eight-hour entry for work done on July 18, 2009 is egregiously improper block billing and should be discounted in its entirety.

In his reply, Defendant argues that Mr. Bassett's experience and qualifications are similar to those attorneys listed in Plaintiff's opposition memorandum who have been awarded hourly rates in the range of $250 to $275.  Further, Defendant submits that Plaintiff is mistaken in asserting that Carl Varady, Esq.'s court awarded hourly rate is $275.00.  Defendant asserts that Mr. Varady's "rate is actually set by the ninth circuit (sic) at $325.00 per hour in a special education case."  [Reply at 2.]  While Defendant concedes that Mr. Bassett requested and

was awarded an hourly rate of $200 in a class action lawsuit filed in 2003, Defendant argues that rate is not applicable here because it was requested "in the spirit of keeping the fees low in that particular lawsuit against the State." [Id.]  In addition, Defendant submits that he is entitled to an award of attorney's fees that is based on an hourly rate of comparable attorneys in the community.  Lastly, Defendant takes umbrage at Plaintiff's assertion that a special education action is less difficult and requires less skill and difficulty than a "regular lawsuit" and, instead, contends that special education law is more complex and specialized than other areas of law.

## DISCUSSION

### I.   Entitlement to Attorney's Fees

The Hearings Officer expressly found that Defendant was the prevailing party in the administrative proceeding, and the Decision was affirmed by the district judge.  Defendant filed the instant Motion to obtain an award of attorney's fees incurred in the administrative and district court proceedings.  "A prevailing party is one who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.  The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007)

(citations and quotation marks omitted) (alteration in original). Further, pursuant to Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), the change in the parties' relationship must be judicially sanctioned.  See P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1171 (9th Cir. 2007).

        The Decision materially altered the parties' relationship.  Defendant succeeded on a significant issue and obtained special services for Student.  This Court therefore FINDS that Defendant was the prevailing party in the administrative proceeding.

        In the instant case, Plaintiff filed an appeal of the Decision.  The district judge denied the appeal and Plaintiff does not contest Defendant's entitlement to reasonable attorney's fees and costs incurred in the administrative proceeding and in the instant action.  [Mem. in Opp. at 2.]  This Court therefore FINDS that Defendant is the prevailing party in the district court proceedings and is entitled to reasonable attorney's fees and costs incurred in both proceedings pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).[3]

_____

        [3] Section 1415(i)(3)(B)(i)(I) provides:
            In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
                (I) to a prevailing party who is the parent of a child with a disability[.]

## II.  Calculation of Attorney's Fees Award

In calculating an award of reasonable attorney's fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See, e.g., Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny").  A court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.

The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement".  Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored calculation") (citations and quotation marks omitted).  The Ninth Circuit, however, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976

F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).

Once calculated, the lodestar amount is presumptively reasonable. <u>See</u> <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases). The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. <u>See</u> <u>Fischer</u>, 214 F.3d at 1119. The factors the Ninth Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.

Defendant requests the following lodestar amount for work counsel performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Matthew Bassett | 232.5 | $280 | $65,100.00 |
| | | **TOTAL** | **$65,100.00** |

[Exh. A to Motion at 7.]  Mr. Bassett was admitted to the Hawai`i
State Bar in 1995 and to the California State Bar in 1986.
[Motion, Decl. of Matthew C. Bassett at ¶ 1.]  Mr. Bassett has
been listed as counsel in other IDEA cases in this district
court.

    A.    **Reasonable Hourly Rate**

        In determining whether an hourly rate is reasonable,
the Court considers the experience, skill, and reputation of the
attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829,
840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should
reflect the prevailing market rates in the community.  See id.;
see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.
1992), as amended on denial of reh'g, (1993) (noting that the
rate awarded should reflect "the rates of attorneys practicing in
the forum district").

        In addition to their own statements, attorneys are
required to submit additional evidence that the rates charged are
reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263
(9th Cir. 1987).  Mr. Bassett submitted additional evidence in
the form of a declaration from Cynthia Nakamura, Esq.  This Court
is well aware of the prevailing rates in the community for

9

similar services performed by attorneys of comparable experience,
skill and reputation.  Based on this Court's knowledge of the
prevailing rates and the prior awards in this district, this
Court finds that Mr. Bassett's requested hourly rate is not
reasonable.  Based on the length of time that he has been
licensed to practice law, and because he has not provided
documentation that he has personally appeared as lead counsel in
IDEA cases in this district in which attorney's fees have been
awarded, this Court finds that the reasonable hourly rate for Mr.
Bassett in this case is $225.00.

    **B.**   **<u>Hours Reasonably Expended</u>**

       Beyond establishing a reasonable hourly rate, a party
seeking attorney's fees bears the burden of proving that the fees
and costs taxed are associated with the relief requested and are
reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona</u>
<u>v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw.
1993) (citations omitted).  A court must guard against awarding
fees and costs which are excessive, and must determine which fees
and costs were self-imposed and avoidable.  <u>See</u> <u>id.</u> at 637
(citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404
(6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or
otherwise reduce, the number of hours claimed to have been spent
on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060
(S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed

"excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

### 1.   <u>Insufficient Descriptions</u>

The following entries are insufficient in that it is unknown as to who "KE" or the "advocate" are and what role, if any, they have in the administrative proceeding:

> <u>October 22, 2007</u>
> Meeting with KE to review file for case review and isolating issues for drafting request for due process.  3.0
>
> <u>October 23, 2007</u>
> Telephone call to advocate regarding issues for hearing and evidentiary basis.  0.7.
>
> <u>October 24, 2007</u>
> Telephone call to advocate KE; review allegations in request for due process.  0.6
>
> <u>February 20, 2008</u>
> TCT advocte KE regarding 2-19-08 letter and effect on litigation strategy.  0.5.
>
> <u>April 11, 2008</u>
> TCT KE regarding evaluations and classwork assignments for organization for evidence binder preparation.  0.5.
>
> <u>June 2, 2008</u>
> TCT advocate KE and (sic) regarding update on subpoena status.  0.3.
>
> <u>June 15, 2009</u>
> TCT KE regarding order and unresolved issues. 0.5

[Ex. A to Motion at 2-6.]

Similarly, the following entries are insufficient:

11

<u>June 1, 2008</u>
    Research law regarding opposition to motion
to quash, file stamped 5-29-08.  3.3.

<u>April 11, 2009</u>
    Research law in plaintiff's opening brief
index and annotate major arguments.  4.2

<u>April 27, 2009</u>
    Research law for opposition brief.  6.1.

<u>May 29, 2009</u>
    Prepare for Hearing; review pleadings and
evidentiary binder.  Review hearing officers (sic)
decision and research law on issues raised by DOE.
7.0

[<u>Id.</u> at 5-6.]

The Local Rules state:

The party seeking an award of fees must describe
adequately the services rendered, so that the
reasonableness of the requested fees can be
evaluated.  In describing such services, counsel
should be sensitive to matters giving rise to
attorney-client privilege and attorney work
product doctrine, but must nevertheless furnish an
adequate non-privileged description of the
services in question.  <u>If the time descriptions
are incomplete, or if such descriptions fail to
describe adequately the services rendered, the
court may reduce the award accordingly.</u>  For
example, time entries for telephone conferences
must include an identification of all participants
and the reason for the call; <u>entries for legal
research must include an identification of the
specific issue researched</u> and, if possible, should
identify the pleading or document for which the
research was necessary . . . .

Local Rule LR54.3(d)(2) (emphases added).  Defendant's counsel

failed to identify the specific issues he researched while

preparing the opposition brief.  This Court, however, has the

discretion to reduce the requested award for insufficient

descriptions and the ultimate question is whether there is
sufficient information to allow the Court to assess the
reasonableness of the requested fee.  Thus, while Defendant's
counsel should have included more information in these time
entries, this Court finds that, having reviewed counsel's time
records in their entirety, there is sufficient information to
allow the Court to determine the reasonableness of the requested
fees.  The Court therefore reduces Mr. Bassett's requested hours
based on the inadequate descriptions in the entries cited above
as follows: the entries involving meetings or telephone
conferences with "KE" or "advocate" are disallowed in their
entirety, and the entries involving legal research are reduced;
specifically, the June 1, 2008 entry is reduced to 2.0 hours, the
April 11, 2009 entry is reduced to 3.0 hours, the April 27, 2009
entry is reduced to 3.0 hours, and the May 29, 2009 entry is
reduced to 4.0 hours.

> ### 2. <u>**Excessive Billing**</u>

Plaintiff also argues that the Court should disallow
Mr. Bassett's 16.8 hours for entries from October 22, 2007
through October 24, 2007 for drafting the due process request as
excessive, especially because this request consists of two pages.
[Mem. in Opp. at 6-7.]  This Court has already disallowed the
October 22, 23 and 24, 2007 entries involving "KE" or "advocate",
which total 4.3 hours.  Therefore, the remaining entries for this

13

time period total 12.5 hours.  While Plaintiff contends that the time is excessive because the due process request only consisted of two pages, Plaintiff misses the mark.  The time billed during this litigation phase includes counsel's initial investigation and case development.  The Court finds that these entries are compensable and declines to reduce these entries.

Plaintiff also argues that Defendant's counsel billed for excessive time to review documents, and did duplicative work in his annotation and indexing of documents.  Specifically, Plaintiff notes that Defendant's counsel spent a total of 45.9 hours reviewing, annotating and indexing documents, and Plaintiff questions why it would require 20.0 hours to determine which documents were to be included as exhibits in the evidence binder and then another 20.0 hours to review, annotate and index these documents.  [Mem. in Opp. at 7-9.]  This is a significant number of hours billed.  However, the administrative hearing appears to have been unusually long.  Counsel has submitted billing for what appears to be seven and a half days for the hearing.  There are entries indicating that the hearing was conducted on April 22, 23 and 24, 2008, June 4, 5 and 6, 2008, and June 18 and 19, 2008.  Plaintiff has not disputed these entries.  Further, there was a significant amount of information, documents and exhibits involved for the hearing.  The Court finds that these entries are compensable and declines to reduce these entries.

14

Counsel's entry of 8.0 hours to review the June 5 Order, however, is excessive. [Exh. A to Motion at 6.] While the district judge issued, of course, a well-written decision, the June 5 Order has neither the heft nor the complexity to involve an entire day's worth of review. The entry is reduced to 2.0 hours.

### C.   **Total Lodestar Award**

Based on the foregoing, this Court finds that Defendant has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Matthew Bassett | 211.8 | $225 | $47,655.00 |
| | | **TOTAL** | **$47,655.00** |

The Court declines to adjust the award based on the remaining <u>Kerr</u> factors.

## III. **Costs**

As the prevailing party, Defendant is entitled to reasonable costs incurred in the administrative proceeding and in the instant case. <u>See</u> 20 U.S.C. § 1415(i)(3)(B)(i)(I). However, Defendant's counsel apparently did not incur any expenses in these proceedings. The Motion does not seek such an award.

### <u>CONCLUSION</u>

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that Defendant's Nonhearing

15

Motion for Award of Attorney's Fees, filed on June 19, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court FINDS that Defendant is the prevailing party in the administrative proceeding and in the instant case.  The Court RECOMMENDS that the district judge AWARD Defendant $47,655.00 in attorney's fees incurred in the administrative proceeding and in the instant case.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, December 31, 2009.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DEPARTMENT OF EDUCATION V. ZACHARY B.; CIVIL NO. 08-00499 JMS-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT'S NONHEARING MOTION FOR AN AWARD OF ATTORNEY'S FEES**